UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>       v.<br><br>RAJA MICHAEL MAWAD and RNS HOLDINGS LP,<br><br>                Defendants. | CASE NO.<br><br>COMPLAINT |

      The United States of America, on behalf of its agency, the Commodities Futures Trading Commission (CFTC), files this Complaint against Defendants Raja Michael Mawad (Mr. Mawad) and RNS Holdings LP (RNS Holdings) (together, Defendants).  The United States bases this Complaint on Defendants' failure to pay restitution and a civil monetary penalty for violating the Commodity Exchange Act and CFTC regulations, as required by the administrative CFTC Order to which Defendants consented in September 2016.  The United States alleges as follows:

//

//

Complaint
*United States v. Mawad, et al.*, Case No._____ - 1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 & 1345.

2. Venue is proper in the Western District of Washington under the venue provision for the recovery of fines, penalties, or forfeitures, 28 U.S.C. § 1395(a), and the general venue provision, 28 U.S.C. § 1391(b), because Defendant Mr. Mawad resides in this district and owns ninety-nine percent of Defendant RNS Holdings.

## PARTIES

3. The Plaintiff is the United States, which has acted through the CFTC. The CFTC has authority to enforce the Commodity Exchange Act under 7 U.S.C. § 2.

4. Defendant Mr. Mawad is the president, founder, principal, and ninety-nine percent owner of Defendant RNS Holdings. Mr. Mawad currently resides in the Western District of Washington; when he incurred the liabilities alleged in this action, he resided in Houston, Texas.

5. Defendant RNS Holdings is a Texas limited partnership that effectively ceased operations in 2015 and had its headquarters in Houston, Texas.

## REGULATORY BACKGROUND

6. Among other things, the Commodity Exchange Act regulates activities related to commodities trading by "commodity pool operators" and their "associated persons." 7 U.S.C. §§ 1a(3), (4), (11) and 2.

Complaint
*United States v. Mawad, et al.*, Case No._____ - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. 7 U.S.C. § 6o(1)(B) prohibits commodity pool operators and their associated persons from using the mails or any other instrument of interstate commerce to "engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant."

8. CFTC regulations implementing the Commodity Exchange Act require commodity pool operators to distribute an Annual Report to each pool participant and electronically submit a copy of the Annual Report to the National Futures Association (a self-regulatory organization for the U.S. derivatives industry). 17 C.F.R. § 4.22(c).

9. Any person who controls a covered commodity pool operator is liable for the commodity pool operator's violations of the Commodity Exchange Act and CFTC regulations, if the controlling person "did not act in good faith or knowingly induced, directly or indirectly, the act or acts constituting the violation." 7 U.S.C. § 13c(b).

10. Likewise, a commodity pool operator is liable for the acts and omissions of its agent, official, or any person acting on its behalf and within the scope of his or her employment. 7 U.S.C. § 2(a)(1)(B).

11. The CFTC may administratively enforce the Commodities Exchange Act, including by assessing civil monetary penalties and restitution against persons who violate the Act or CFTC regulations. 7 U.S.C. § 9(4) and (10).

Complaint
*United States v. Mawad, et al.*, Case No._____ - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. When a person does not pay a money penalty assessed under 7 U.S.C. § 9 after the time for administrative appeal lapses, the CFTC may refer the matter to the United States Attorney General to "recover such penalty by action in the appropriate United States district court." 7 U.S.C. § 9a(3).

## FACTS

### *Defendants violated the Commodity Exchange Act and CFTC regulations.*

13. Between 2009 and 2015 (the Relevant Period), RNS Holdings operated a commodity pool called RNS Capital LP Fund (the Fund).

14. RNS Holdings was registered with the CFTC as a commodity pool operator from 2013-2015.

15. During the Relevant Period, Mr. Mawad was RNS Holdings' president, ninety-nine percent owner, and sole "associated person," as that term is used in 7 U.S.C. § 1a.

16. During the Relevant Period, Mr. Mawad and RNS Holdings withdrew or caused to be withdrawn from the Fund $189,032.72 in personal expenses, travel and meal expenses, salary and payroll tax expenses, and expenses of another investment pool, that were not authorized by the Fund's governing documents, including the Fund's Private Placement Memorandum and Limited Partnership Agreement.

17. While RNS Holdings was registered with the CFTC as a commodity pool operator, RNS Holdings failed to distribute to participants in the Fund and

Complaint
*United States v. Mawad, et al.*, Case No._____ - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

submit to the National Futures Association required Annual Reports for 2013 and 2014.

### *Defendants consented to the CFTC's entry of an administrative order finding their violations of the Commodity Exchange Act and CFTC regulations, and imposing remedial sanctions against them.*

18. To resolve the violations of the Commodity Exchange Act and CFTC regulations alleged above, Defendants consented to the CFTC's entry of September 20, 2016, "Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings and Imposing Remedial Sanctions" (the Order). A true and correct copy of the Order is attached hereto as Exhibit A.

19. In the Order, Defendants consented to the CFTC's use of the Order's findings of their violations of the Commodity Exchange Act and CFTC regulations in a proceeding "to enforce the terms of th[e] Order." Exh. A at 1, n.1.

20. The Order found that, based on the conduct described in paragraphs 13-17, above, "during the Relevant Period [of 2009-2015], RNS Holdings LP and Raja Michael Mawad violated Section 4o(1)(B) of the Commodity Exchange Act, 7 U.S.C. § 6o(1)(B), and [CFTC] Regulation 4.22(c), 17 C.F.R. § 4.22(c)." Exh. A at 5 (V).

21. The Order also found that Defendants were liable for each other's violations of the Commodity Exchange Act and CFTC regulations under 7 U.S.C. §§ 2(a)(1)(B) and 13c(b) and 7, and 17 C.F.R. § 1.2. Exh. A at 4 (IV, C).

22. The Order imposed on Defendants, jointly and severally, restitution of $189,032.72 and a civil monetary penalty of $200,000.00, plus interest at the

Complaint
*United States v. Mawad, et al.*, Case No._____ - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

postjudgment rate prescribed by 28 U.S.C. § 1961, from the date of the Order (September 20, 2016).  Exh. A at 6-7 (VII, B and C).  The applicable interest rate is 0.61 percent per year.  Exh. B (Certificate of Indebtedness).

23. The restitution amount was payable to the National Futures Association and subject to offset for "all moneys already distributed by" the National Futures Association in a related matter.  Exh. A at 6, (VII, B).

24. The Order incorporated a settlement offer made by Defendants and accepted by the CFTC.  Exh. A at 5-6 (VI).

25. Under the settlement terms incorporated into the Order, Defendants waived "a hearing," "all post-hearing procedures," and "judicial review by any court," among other claims and rights.  Exh. A at 5 (VI, C).

### *Defendants have not paid in full their restitution or civil monetary penalty.*

26. In December 2015, the National Futures Association distributed $79,582.78 to investors harmed by Defendants' violations of the Commodity Exchange Act.  Accordingly, that amount was credited to Defendants' restitution balance.  Exh. C (NFA Letter, Oct. 26, 2016).

27. Other than the credit applied for funds distributed by the National Futures Association, Defendants have made no payments towards their restitution or civil monetary penalty liabilities.  Exh. B.

28. In October 2016, the National Futures Association sent Defendants a demand letter, requesting payment of their restitution balance, which, at that time, was $109,449.94.  Exh. C.

Complaint
*United States v. Mawad, et al.*, Case No._____ - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

29. Defendants did not pay as requested and the National Futures Association referred the matter back to the CFTC for enforcement.

30. The CFTC, in turn, referred the unpaid restitution and civil monetary penalty debt to the U.S. Department of Justice (DOJ) for judicially enforced collection.

31. In January 2017, DOJ sent separate demand letters to Mr. Mawad and RNS Holdings, demanding that they pay in full their then-current restitution and civil monetary penalty balance of $309,979.50.  Exh. D (DOJ demand letters).

32. Defendants did not pay in response to DOJ's January 2017 demand letter.

33. With accrued interest, Defendants owed $317,925.98 as of February 17, 2021, comprised as follows:  $200,000.00 principal civil monetary penalty, plus $5,503.28 interest thereon; plus $109,449.94 principal restitution, plus $2,972.76 interest thereon.  Exh. B (Cert. of Indebtedness).

**COUNT 1 - Failure to pay as required by the Order**

34. The United States incorporates by reference all preceding paragraphs of this Complaint.

35. Defendants have not paid the civil monetary penalty and restitution that they owe under the Order.

36. Defendants waived their right to administratively appeal the Order by waiving "all post-hearing procedures."

Complaint
*United States v. Mawad, et al.*, Case No._____ - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

37. Accordingly, the United States may enforce Defendants' payment obligations via this civil action, as authorized by 7 U.S.C. § 9a(3).

38. The United States is entitled to a money judgment against Defendants in the amount of their unsatisfied payment obligations.

**RELIEF REQUESTED**

Wherefore, the United States requests that the Court enter judgment in its favor and against Defendants Raja Mawad and RNS Holdings LP, jointly and severally, as follows:

A. A money judgment of $317,925.98, plus interest at the annual rate of 0.61 percent from February 18, 2021 until the date of judgment, plus post-judgment interest at the rate prescribed by 28 U.S.C. § 1961(a) on and after the date of judgment;

B. Fees and costs incurred by the United States for collection proceedings; and

C. All other relief in favor of the United States that the Court deems just and equitable.

DATED this 22nd day of February, 2021.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Kyle A. Forsyth*
KYLE A. FORSYTH, WSBA # 34609
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220

Complaint
*United States v. Mawad, et al.*, Case No._____ - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

|  |  |
|---|---|
| 1 | Seattle, WA 98101 |
| 2 | Phone: 206-553-7970 |
| 3 | Fax: 206-553-4067 |
|   | E-mail: kyle.forsyth@usdoj.gov |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Complaint
*United States v. Mawad, et al.*, Case No._____ - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970